UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK T. DUBLINO,

                  Plaintiff,

      v.

JAMES THOMAS, et al.,

                  Defendants.

_____

<u>DECISION & ORDER</u>

18-CV-6010L

        *Pro se* plaintiff Mark T. Dublino ("plaintiff") brought suit against the defendants pursuant to 42 U.S.C. § 1983 alleging claims of excessive force, retaliation, and failure to protect in violation of the Eighth Amendment during his confinement at the Erie County Holding Center. (Docket ## 12, 15). On November 5, 2018, this Court issued a Decision & Order denying plaintiff's third request for appointment of counsel. (Docket # 31). Currently pending before this Court are plaintiff's fourth and fifth motions seeking appointment of counsel. (Docket ## 37, 48).

## **Motion for Appointment of Counsel**

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. *See Boyd v. Petralis*, 2017 WL 4533649, *1 (W.D.N.Y. 2017); *Baez v. Rathbun*, 2017 WL 1324557, *1 (W.D.N.Y. 2017). Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the

judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits; plaintiff has not done so at this stage. Nor do the legal issues in this case appear to be complex. Moreover, plaintiff's conduct in prosecuting this matter strongly suggests that he is capable of understanding and handling the litigation, contrary to his claims in the pending motions. *See McLean v. Johnson*, 2017 WL 4157393, *1 (W.D.N.Y. 2017) (incarceration alone does not warrant the appointment of counsel). To date, plaintiff has filed various motions, including motions for a temporary stay and preliminary injunctive relief, and discovery requests. (*See* Docket ## 42-44). Indeed, while his motion for a stay was not granted, he was granted the alternative relief of an extension of the court-ordered deadlines in order to accommodate his more limited access to the law library as a result of his placement in the special housing unit ("SHU"). (Docket # 45). It is also notable that plaintiff's affidavit in support of his motion includes citation to legal authority. (Docket # 38). Finally, no special reasons are apparent from the record justifying the assignment of counsel.

On this record, plaintiff's requests for the appointment of counsel (**Docket ## 37, 48**) are **DENIED without prejudice** at this time. It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
     April 19, 2019